UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
DAVID MCCULLOUGH,

                                    Plaintiff,

                                                              5:05-CV-0707
                                                              (NAM)(GHL)

        v.

LANCE CIMINO, Attorney at Law; WILLIAM J. BURKE,
Onondaga County Court Judge; BONNIE C. BUCCINA,
Onondaga County Assistant District Attorney,

                                    Defendants.
-------------------------------------------------------------------------
APPEARANCES:

DAVID MCCULLOUGH
Plaintiff, *pro se*
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, NY 14556

NORMAN A. MORDUE, U.S. DISTRICT JUDGE


                              <u>**ORDER**</u>

    **I.    Background.**

        The Clerk has sent to the Court a civil rights complaint filed by David McCullough

("plaintiff" or "McCullough").  Dkt. No. 1.

        In his *pro se* complaint, plaintiff claims that the defendants violated plaintiff's right to

an impartial and unbiased jury because they permitted a partial juror to be seated. For the

reasons stated below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District.

    **II.    Discussion.**

        Plaintiff brought this action under 42 U.S.C. § 1983 ("Section 1983"), which

establishes a cause of action for "the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws" of the United States.  *German v. Fed. Home Loan*

*Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

The "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). Therefore, plaintiff cannot prevail on any claims asserted in his complaint which occurred prior to May 27, 2002.[1] However, plaintiff's claims are based upon conduct that is alleged to have occurred in November 1995. Thus, plaintiff's claims are barred by the applicable statute of limitations.

In addition, plaintiff names a judge and a district attorney as defendants to this action. With respect to Judge Burke, the law in this Circuit clearly provides that "[j]udges enjoy **absolute immunity** from personal liability for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young*, 41 F.3d at 51 (internal quotations omitted).

With respect to Assistant District Attorney Buccina, prosecutors are absolutely

---

[1]The Court notes that plaintiff's complaint is dated May 27, 2005. The date the plaintiff signed the complaint is presumed to be the date the plaintiff gave the complaint to prison officials to be mailed. *Mingues v. Nelson*, 96-CV-5396, 2004 WL 324898, *3 (S.D.N.Y.2004). Further, it is well settled that a complaint, filed by an inmate, is deemed "filed" when it is delivered to prison officials. *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993); *Pritchard v. Kelly*, 9:98-CV-0349, 2000 WL 33743378 (N.D.N.Y. 2000)(Sharpe, M.J.). Thus, in light of the date on the complaint, this Court deems this action to have been filed on May 27, 2005.

immune from liability under § 1983 in matters involving the prosecution – or failure to prosecute – individuals. *See Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495, 505 (2d Cir. 2004) (holding that, regardless of prosecutors' motives, "absolute immunity shields them from suit pursuant to § 1983 for their alleged malicious or selective prosecution of plaintiffs, as well as for any misconduct in the presentation of evidence to the grand juries").

Finally, with respect to Attorney Cimino, it is well established that parties may not be held liable under this section unless it can be established that they have acted under the color of state law. *See*, *e.g.*, *Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 92-Civ-4288, 1992 WL 380914, *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted).  State action is an essential element of any § 1983 claim.  *See Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, D.J.) (citing *Velaire v. City of  Schenectady*, 862 F.Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, C.J.) (citation omitted)).[2]

---

[2]Since it is the duty of the plaintiff to allege state action on the part of the defendant named in a complaint, a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus.  *See*, *e.g.*, *Carollo-Gardner v. Diners Club*, 628 F.Supp. 1253, 1256-57 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint where plaintiff failed to allege state action on part of defendants) (citations omitted); *see also DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975) (affirming dismissal of complaint where plaintiff failed to include allegations of state action in complaint), *modified on other grounds,* 520 F.2d 409 (2d Cir. 1975); *Lawson v. Abrams*, No. CV-84-4325, 1988 WL 49244, *4 (E.D.N.Y. May 6, 1988) (same).

In the present case, plaintiff has not alleged any nexus between the State of New York and the challenged actions of the Attorney Cimino.[3]  The mere fact that defendant represented plaintiff at a court proceeding does not make defendant a state actor.  "It is well settled that an attorney's representation of a party to a court proceeding does not satisfy the section 1983 requirement that the defendant is alleged to have acted under color of state law ... ."  *Wise v. Battistoni*, 1992 WL 380914, *1 (S.D.N.Y. Dec. 10, 1992); *see also Vann v. Dardon*, 1996 WL 172707 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (attorney in criminal proceeding is not a state actor for purposes of § 1983); *Rodriguez v. Weprin*, 116 F. 3d 62, 65-66 (2d Cir. 1997) (court-appointed defense attorneys do not act under color of state law).

Since plaintiff's claims are barred by the applicable statute of limitations, and his complaint names individual defendants who either immune from suit, or who are not state actors for purposes of §1983, this action must therefore be dismissed pursuant to 28 U.S.C. § 1915(e).  In light of the foregoing, plaintiff's request to proceed *in forma pauperis* is denied as moot. [4]

WHEREFORE, it is hereby

ORDERED, that leave to file this action *in forma pauperis* is denied as moot, and it is further

---

[3]The Court is aware, based upon other actions McCullough has filed in this Court, that Attorney Cimino was plaintiff's defense counsel in a state court criminal proceeding. *See* 9:99-CV-1076.

[4]The Court notes that plaintiff's application is also incomplete because plaintiff failed to submit an application to proceed *in forma pauperis*.  Rather, plaintiff  submitted an inmate authorization form.  However, plaintiff would also be required to file a fully completed and properly certified application to proceed *in forma pauperis* in order to have this Court grant such a request. *See* 28 U.S.C. § 1915 ; L.R. 5.4(b).

4

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail. IT IS SO ORDERED.

Dated:  June 20, 2005

Norman A. Mordue
U.S. District Judge